### WM. BOYLES v. STATE.

No. A- 4591.   Opinion Filed Jan. 17, 1925.
(232 Pac. 453.)

(Syllabus.)

**Intoxicating Liquors—Manufacturing Liquor—Insufficient Evidence.** In a prosecution for manufacturing intoxicating liquor, evidence reviewed, and held insufficient to sustain conviction.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

Wm. Boyles was convicted of unlawfully manufacturing whisky, and he appeals. Reversed.

J. F. Thomas, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error was tried and convicted on an information charging that Wm. Boyles did, in Cotton county, on the 11th day of July, 1922, "then and there being, then and there, willfully and unlawfully manufacture spirituous liquor, to wit, corn whisky," and his punishment fixed at a fine of $250 and confinement for 90 days in the county jail.  He appeals from the judgment rendered on the verdict, and alleges that the evidence was insufficient to sustain the verdict and judgment.

Frank Boles, undersheriff, testified that with others he went to the home of the defendant, and they searched the place and found a barrel of mash sitting at the west end of the house; that that was all they found there.  He was then asked by the county attorney:

"Q.  Are you reasonably sure and certain this was mash?  A. Well I don't know, but it is my judgment that it was mash."

C. O. Hooper, deputy sheriff, testified that he was with the officers when they searched the defendant's premises five or six miles west of Walters; that they found a barrel of mash, that is what he would call it, on the west side of the house; and that was all they found.  The state rested and the defendant moved for an acquittal in the form of a demurrer to the evidence, for the reason that the same was insufficient to warrant a verdict of guilty, which was overruled and exceptions allowed.

G. C. Crisp testified that he was in the grain business at Walters and some time in June he sold the defendant some spoiled meal.  Two near neighbors testified that during the months of June and July they visited the defendant's place several times and noticed a water barrel, be-

tween the defendant's house and the hog pen, about half full of slop.

As a witness in his own behalf the defendant testified that the officers came to his place, saying they had a search warrant, and he told them to help themselves; that he had a slop barrel near the house; that there was about a half a gallon of meal in the bottom, and a few days before he noticed it was getting dry and he poured water in to keep the barrel from going to staves; that he did not put it there to make whisky or any kind of intoxicating liquor; that he could not make whisky if he wanted to.

It is made the duty of the court, when it deems the evidence insufficient to warrant a conviction, to advise the jury to acquit. Comp. Stats. 1921, § 2713.

Obviously the verdict in this case is not supported by the evidence, and it was the duty of the trial court, of its own accord, without its attention being especially called thereto, to have directed a verdict of acquittal.

Because the verdict is contrary to the evidence and wholly insufficient to sustain the verdict, the judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.